IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BARRY LOVELL RANDOLPH | ) | CASE NO. 12-71417 |
| | ) | |
|     Debtor. | ) | |
| | | |
| JUDY A. ROBBINS, UNITED STATES | ) | |
| TRUSTEE FOR REGION FOUR | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARREN T. DELAFIELD | ) | |
| | ) | |
|     Respondent. | ) | |

## MEMORANDUM DECISION

The Debtor, Barry L. Randolph, filed a voluntary Chapter 7 petition on August 1, 2012. The case was subsequently converted to one under chapter 13 by Order entered November 15, 2012. On October 22, 2012, the United States Trustee filed a Motion for Review of Attorney's Fees asking the Court to review the fee charged by Debtor's counsel, Darren T. Delafield, Esquire, and to order Mr. Delafield to disgorge any fees received in the case. The Motion was later amended on February 6, 2013. On October 29, 2012, Mr. Delafield filed his Answer to this Motion requesting that the Motion be dismissed. The matter came on for hearing on November 5, 2012 and was continued to November 19, 2012. After the hearing on November 19, the Court entered an Order setting a discovery deadline of January 15, 2013 and continuing the matter for further hearing on January 22, 2013. After the January 22 hearing, the Court entered a further Order directing that any motions to compel discovery should be filed by

January 22, with written response due by February 5, and scheduling a hearing upon any such motion for February 11, 2013.  On January 22, 2013, counsel for the United States Trustee filed a Motion to Compel Discovery seeking the production of a document – counsel's engagement agreement with the Debtor.  On February 5, 2013, Mr. Delafield filed his response to such Motion to Compel asserting that such document should not be turned over.  Counsel for the United States Trustee then filed a Memorandum in Support of the Motion to Compel.  The matter was heard on February 11, 2013 with the Motion to Compel taken under advisement and the ruling on the Motion for Review of Attorney's Fees deferred until the Court rendered its decision on the Motion to Compel.

UNITED STATES TRUSTEE'S MOTION FOR REVIEW OF ATTORNEY'S FEES

Pursuant to the Amended Motion for Review of Attorney's Fees, the United States Trustee moves the Court to review the fee charged by Debtor's counsel and to order Mr. Delafield to disgorge any fees received in this case on the grounds that he prepared and filed, on behalf of the Debtor, certain deficient and inaccurate schedules and statements, failed to appear at the Debtor's initial meeting of creditors, and filed an inaccurate Rule 2016 disclosure. According to the Rule 2016 disclosure dated July 26, and filed on August 15, Mr. Delafield received $94.00 in fees prior to filing of the disclosure.  The United States Trustee asserts that, upon information and belief, Mr. Delafield received $494.00 in fees prior to July 26.  After inquiry by the United States Trustee, Mr. Delafield filed an amended Rule 2016 disclosure, on October 2, 2012, disclosing that he received $494.00 in fees prior to filing the disclosure.

Additionally, the petition initially filed by Debtor's counsel listed the Debtor's debts as primarily consumer debts. After inquiry by the United States Trustee, Mr. Delafield filed an amended petition page asserting that Debtor's debts were primarily non-consumer debts. Additionally, the original Schedule I filed by the Debtor failed to list any rental income. The United States Trustee asserts that, upon information and belief, the Debtor had rental income and at least two long standing tenants. Further, the original Schedule I at line 1 disclosed the Debtor's income from ITT as $4,895.82, but a review of the Debtor's payment advices indicates that he averaged gross income of not less than $5,500 a month for 2012 through the month of July. According to the United States Trustee, Schedule J also appeared patently false and failed to list the payments on the rental houses the Debtor indicated in his Statement of Intention that he intended to retain and for which he claimed business expenses on line 16 of Schedule J. The Official Form 22A ("Means Test"), filed on August 15 on behalf of the Debtor by Mr. Delafield, listed $816.67 on line 5 (rent and other real property income). The United States Trustee asserts that it is unclear what information Mr. Delafield relied upon in reporting this figure. Finally, although the Debtor reported business expenses on line 16 of Schedule J, the Statement of Financial Affairs reported that the Debtor had no interest in any business.

Based on the above, the United States Trustee asserts that Mr. Delafield failed to properly assist the Debtor to file accurate petitions, schedules and statements. Counsel for the United States Trustee asserts that a fee for the work performed in the Debtor's chapter 7 case is unreasonable given the quality of the work performed, the inaccurate and inconsistent schedules filed, the failure to attend the initial creditors' meeting, and the inaccurate disclosure of compensation. The United States Trustee moves the Court to order the disgorgement of such fee

or such portion as the Court determines exceeds the reasonable value of the services rendered to the Debtor.

In his Answer to the originally filed Motion, Mr. Delafield denies that the fees charged to the Debtor are unreasonable and asks the Court to dismiss the Motion. Mr. Delafield admits that he and the Debtor did not attend the creditors' meeting. Although he advised the Debtor of the creditors' meeting and the Debtor received the notice of the meeting, the Debtor apparently misunderstood the instructions of counsel and did not appear at the meeting. Additionally, the creditors' meeting was placed on Mr. Delafield's calendar by his prior assistant at the wrong time. When the error was discovered, Mr. Delafield attempted to contact the Trustee's office. Both the Debtor and Mr. Delafield attended the continued 341 meeting. Additionally, Mr. Delafield asserts that the Debtor tendered $400.00 to him on June 29, 2012 ($306.00 for the filing fee and $94.00 was applied to attorney's fees). According to Mr. Delafield, these calculations were used to prepare the Rule 2016 statement. On July 20, 2012, the Debtor tendered an additional $400.00 to counsel, which was applied to attorney's fees. Although the Rule 2016 statement states the correct amount of attorney's fees to be charged ($975.00 plus $26.00 costs), Mr. Delafield admits that he failed to update the Rule 2016 statement prior to filing. However, this oversight was corrected on October 2, 2012. While Mr. Delafield admits that the original petition listed debts as consumer debts, he notes that the petition was later amended to disclose that the majority of the Debtor's debts were business rather than consumer debts. While he admits the failure to include rental income on Schedule I, he asserts that both the Means Test and the Statement of Financial Affairs disclosed rental income of the Debtor and that the copy of tax return provided to the Chapter 7 Trustee also

disclosed such income. Mr. Delafield further denies that the Debtor's payment advices reveal gross income of not less than $5,500 a month and denies any inaccuracy in Schedule J.

UNITED STATES TRUSTEE'S MOTION TO COMPEL DISCOVERY

Counsel for the United States Trustee issued interrogatories and requests for production of documents to Mr. Delafield on October 30, 2012. After the issuance of such discovery, counsel and Mr. Delafield met on two occasions and conferred regarding the discovery and objections thereto. The parties have been unable to resolve an objection to one of the United States Trustee's discovery requests and the instant Motion was filed by the United States Trustee. The specific discovery request at issue is as follows:

> Request for Production No. 1. A copy of any engagement agreement with the above-referenced Debtor related to this case.
>
> **RESPONSE**: Respondent objects to the production of any engagement agreement between himself and the debtor on the grounds that such production violates attorney-client privilege. Further, Respondent objects to the production of any engagement agreement between himself and the debtor on the grounds that such production is protected as attorney work product.

The United States Trustee moves the Court to compel Mr. Delafield to produce a copy of the engagement agreement with the Debtor. The United States Trustee asserts that at the last conference held on January 22, 2013, Mr. Delafield stated that his client verbally authorized him to disclose the engagement agreement, but Mr. Delafield stated that he would not produce the agreement and later told counsel for the United States Trustee that the Debtor expressed a desire to keep the fee agreement private and would only consent to its disclosure if absolutely necessary.

In his response to the Motion to Compel, Mr. Delafield asserts that the Court should not direct that the attorney-client fee agreement be turned over on three separate grounds: (1) the Rules of Court protect individuals from frivolous pleadings and abusive discovery, (2) the Fourth Amendment protects individuals from unreasonable search and seizure, and (3) the fee agreement is privileged by the attorney-client privilege and as attorney work product.[1]

Mr. Delafield asserts that he should not have to turn over the fee agreement as the attorney-client fee agreement is a privileged document and is private and worthy of protection. He cites *NLRB v. Harvey*, 349 F.2d 900, 905 (4th Cir. 1965), as support for his position that the fee agreement has been found worthy of protection even against a compelling interest in learning the identity of the client. Even if the agreement falls outside the scope of the attorney-client privilege, Mr. Delafield asserts that it is still subject to the Professional Rules of Conduct and the duty of an attorney to protect confidentiality. He asserts that in this case, discovery would potentially injure, if not actually injure, the Debtor by voiding his expectation of privacy. He further asserts that the United States Trustee failed to express any need for the information. Additionally, discovery requests should not be used to pry further into the attorney-client relationship without good cause. While the Court may, pursuant to 11 U.S.C. §105, make any order, process, or judgment that is necessary to carry out the provisions of Title 11, Mr. Delafield asserts that the Court should preserve the limits of 11 U.S.C. § 329 and Rule 2016 and restrict

---

[1] The first two arguments relate to an allegation in the United States Trustee's initial Motion for review of attorney's fees regarding whether Mr. Delafield complied with 11 U.S.C. §§ 526, 527 and 528. At the time Mr. Delafield filed his Response, the United States Trustee had not amended the Motion seeking review of attorney's fees. However, the United States Trustee amended the Motion on February 6, 2013 and removed the allegation regarding these Code sections. Therefore, these arguments will not be addressed by the Court.

discovery of the fee agreement.

Based on a Supreme Court of North Carolina case, Mr. Delafield asserts that there is five-part test to determine whether the attorney-client privilege applies to a particular communication: (1) the relation of attorney and client existed at the time of the communication; (2) the communication was made in confidence; (3) the communication relates to a matter which the attorney is being professionally consulted; (4) the communication was made in the course of giving or seeking legal advice; and (5) the client has not waived the privilege. *In re Investigation of the Death of Miller*, 357 N.C. 316, 335, 584 S.E.2d 772, 786 (2003). In this case, Mr. Delafield asserts that the engagement agreement includes legal advice and is in response to questions and facts communicated by the client to the attorney; that it is more than an accounting statement and is a communication from the attorney to his client. Mr. Delafield states that the initial consultation was commenced with a statement to the client that his confidences would not be revealed without permission and that the information in the contract was communicated at a time an attorney and client relationship existed, in confidence, regarding a matter about which the attorney was being professionally consulted, for a proper purpose and that the client has not waived the privilege. Mr. Delafield states that although his client has verbally indicated a willingness to waive the privilege in the future if necessary, he has not responded to a request to put that authorization in writing.

He further asserts that because the fee agreement sets forth the subject matter of the representation, it should be treated as a privileged document under the attorney-client privilege or the attorney work product privilege. In this case, Mr. Delafield asserts that a contract for legal assistance was prepared in response to questions from the client regarding options

available to him and based upon facts provided by the client. The United States Trustee is entitled to know if he was employed, but not if employment was for the client as a debtor.

Mr. Delafield does not dispute that the privilege does not normally extend to the payment of attorney's fees and expenses. In this case the Debtor is obligated by § 329 to disclose the payment of attorney's fees, but is not obligated to disclose the fee agreement itself. Mr. Delafield asserts that although fee agreements may be discoverable in some circumstances, they are not discoverable where such discovery would reveal confidential communication with the client. *In re Grand Jury Matter (Special Grand Jury Narcotics) (Under Seal)*, 926 F.2d 348, 352 (4th Cir. 1991). The privilege thus does not apply to the type of document, but rather applies to the content of the document if the content will reveal litigation strategy and/or the nature of services performed.

He further asserts that no public purpose will be served by the disclosure of the fee agreement, but that disclosure will actually intrude on the privacy of the Debtor and could result in the disclosure of litigation strategy, client motives, or otherwise confidential information. In this case, the identity of the client is known and the attorney's fees charged are known. At the February 11 hearing, Mr. Delafield argued that the fee agreement with his client reveals more than attorney's fees or his hourly rate. The agreement was produced in response to questions raised by his client; the Debtor wanted to know his options and then chose the way he wanted to proceed. Specifically, the Addendum to the fee agreement contains information that would potentially disclose confidential information from the Debtor. Therefore, the fee agreement discloses the nature of the services that he was retained to perform and his strategy. As the United States Trustee is seeking more than the disclosure of mere facts by seeking disclosure of a

communication from an attorney to his client, the Court should deny the Motion to Compel.

In response, the United States Trustee asserts that Mr. Delafield must produce his engagement agreement to meet his burden of proving that the fee he has charged is reasonable and because the agreement is not privileged. Under § 329(a), attorneys representing debtors must file a statement of compensation paid or agreed to be paid for services rendered or to be rendered in contemplation of or in connection with the case. Any compensation must be reasonable and the court may cancel any agreement or order disgorgement if the compensation is excessive. The United States Trustee and the Court are charged with reviewing reasonableness of compensation. Once the reasonableness of the compensation is questioned the attorney bears the burden of proving reasonableness.

The United States Trustee asserts that the Court must examine the engagement agreement to determine the scope of representation to determine reasonableness. *In re Norman*, 2006 Bankr. LEXIS 2925 at *16 (Bankr. E.D. Va. Oct. 24, 2006). Bankruptcy Rule 2016 requires counsel to provide a disclosure regarding compensation to the United States Trustee. The United States Trustee asserts that in order for that disclosure to be a meaningful one, the fee agreement must be produced; otherwise the United States Trustee would have no way of verifying that the information provided is correct.

The United States Trustee represents that in another case pending before this Court, Mr. Delafield advised Judge Connelly that he uses a form engagement agreement. Paragraph 2 of the agreement with that particular debtor states that the representation is limited in scope and then goes on to exclude reaffirmation agreements. In this case, the Rule 2016 disclosure does not list any excluded services. Therefore, the United States Trustee asserts that

unless Mr. Delafield is compelled to produce his engagement agreement, the Court cannot determine if he accurately represented the scope of his representation or misled the Court and attempted to conceal such misrepresentation by refusing to produce the agreement. Because the engagement agreement must be provided in order for Mr. Delafield to prove the reasonableness of his compensation, the Court should compel Mr. Delafield to produce this agreement.

However, the United States Trustee argues that even if Mr. Delafield does not have to produce the agreement to meet his burden of proof on the motion for review of attorney's fees, neither the attorney-client privilege nor the work product privilege apply to shield the production of the agreement. As to the attorney-client privilege, the United States Trustee cites several cases to support the position that the privilege is to be strictly confined and, that in the bankruptcy context, the right to assert this privilege has been narrowed and that the existence of an attorney-client relationship and the attorney compensation arrangement have been held to be outside the scope of the attorney-client privilege. *In re Eddy*, 304 B.R. 591, 596 (Bankr. Mass. 2004). The Court of Appeals for the Fourth Circuit has stated that the privilege applies only if the party claiming privilege shows:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). As Mr. Delafield uses a form engagement agreement, at a minimum, the use of the form agreement negates the third element of

the test – whether the alleged communication relates to a fact conveyed to the attorney by the client in confidence for the purpose of seeking legal advice.  To the extent that he argues that the entire agreement is privileged because it relates to the fact that the Debtor consulted with him to determine if the Debtor could file bankruptcy, the United States Trustee asserts that such argument fails because the Debtor could not have expected any information given to Mr. Delafield to be disclosed in the bankruptcy case would be kept in confidence when he retained Mr. Delafield to represent him in a bankruptcy case.  The identity of the client, the attorney, the amount of the fee and the scope of representation are all matters required to be disclosed on the petition, statement of financial affairs and Rule 2016 disclosure.

Further, Mr. Delafield stated in an email to the United States Trustee that he may "wish to disclose at trial documents or portions of documents protected by attorney client privilege or attorney work product" and that he wished "to reserve the right to submit documents at trial which have not previously been exchanged or filed as exhibits."  The United States Trustee asserts that the privileges Mr. Delafield has asserted may not be used both as a sword and a shield.  Because he will have to produce the agreement to meet his burden of proof on the motion to review his compensation, he may not shield its production in advance by asserting it is privileged from disclosure.  As engagement agreements are not typically privileged and Mr. Delafield cannot meet his burden of demonstrating the attorney-client privilege applies, the Court should order the production of the engagement agreement.

Finally, the United States Trustee asserts that the work product privilege applies to facts developed by an attorney in preparation for litigation and to opinions formed by the attorney about the litigation.  This privilege exists to prevent an adversary in litigation from preparing his

case by piggy-backing on the work performed by opposing counsel and by discovering the mental impressions of opposing counsel. As Mr. Delafield previously indicated that he uses a form engagement agreement, the United States Trustee fails to see how a form document substantially prepared without any knowledge of the Debtor or facts of the Debtor's case could be privileged under the work product doctrine. Because the privilege does not apply to this engagement agreement, the United States Trustee asserts that the Court should order its production. Additionally, the United States Trustee asks for an award of attorney's fees in connection with the granting of the Motion to Compel.

CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. The Bankruptcy Code expressly requires any attorney representing a bankruptcy debtor to "file with the court a statement of the compensation paid or agreed to be paid . . . for services rendered or to be rendered in contemplation of or in connection with the [bankruptcy] case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).[2] It further authorizes the court, in the event that such compensation "exceeds the reasonable value of such services, . . . [to] cancel any such agreement, or order the return of any such payment, to the extent [it is] excessive[.]" 11 U.S.C. § 329(b). Whether or not a motion for review of

---

[2] This requirement is implemented by Bankruptcy Rule of Procedure 2016(b), which requires that such disclosure is to be included as one of the required statements in a bankruptcy case.

attorney's fees is a matter relating to the administration of the estate within the meaning of 28 U.S.C. § 157(b)(2)(A), the Court is satisfied that the explicit authority given to the court to review and require a refund of excessive compensation clearly makes a motion to do so a "core" bankruptcy proceeding pursuant to the general provisions ("include, but are not limited to" a variety of specific bankruptcy proceedings) of § 157(b)(2).

The United States Trustee's Amended Motion expressly alleges that Debtor's counsel filed an inaccurate Rule 2016 disclosure with the Court. Therefore, the agreement setting forth the terms of counsel's compensation for services to be rendered in this case is clearly relevant to that allegation. Accordingly, unless privileged, such agreement is well within the permissible scope of discovery as a "matter that is relevant to any party's claim or defense." Bankruptcy Rule 7026(b)(1) (applicable to this contested matter pursuant to Bankruptcy Rule 9014(c)). If a matter otherwise discoverable is claimed to be privileged, the Rule sets forth how the party claiming privilege should proceed. Fed. R. Bankr. P. 7026(b)(5).

In the dispute presently before the Court Debtor's counsel has asserted that the Addendum to the fee agreement contains information that would potentially disclose confidential information from the Debtor because it was prepared in response to certain inquiries from the client as to what his options were in dealing with the particular facts of his situation. The Court can certainly envision a situation where a client seeks advice from an attorney about how he might best proceed which could well include either bankruptcy or non-bankruptcy courses of action. The Court can also imagine a situation in which a client might disclose to the attorney facts which might raise the specter of a possible objection to discharge or complaint seeking to deny the dischargeability of some specific debt or might involve very personal and tightly held

information and that the engagement agreement might summarize those facts in describing potential legal services which might be needed and what the likely cost of those services might be. As counsel for the Debtor points out, the Code does not expressly require that the actual engagement agreements themselves be disclosed. The existence of such possibilities does not justify, however, the flat refusal to produce those portions of the engagement agreement which would not disclose such client confidences. Judge Adams of the Eastern District of Virginia Bankruptcy Court has ruled that such agreements must be produced routinely for review by the case trustee or the Office of the United States Trustee. *See In re Norman*, 2006 Bankr. LEXIS 2925 at *19-21. *See also In re All Cases in which Robin L. Musher is Counsel of Record*, 387 B.R. 669, 674 (Bankr. W.D. Pa. 2008) (additional compensation denied in seven cases in which counsel failed to produce engagement letters). To decide the present dispute, however, this Court need not go that far.

## DECISION

The Court concludes that the United States Trustee's Motion to Compel the production of the engagement agreement between the Debtor and the Respondent attorney should be granted, subject to the countervailing right in favor of the Debtor to redact any specific portion thereof which relates to services not actually rendered by counsel in this case or in contemplation of this case for which no portion of the challenged compensation was received, or any portion which would have the effect of disclosing factual information provided by the client to the attorney in confidence and with a reasonable and legitimate expectation that such confidence

would be maintained.[3] In assessing whether a bankruptcy debtor has a "reasonable and legitimate expectation" of confidentiality, it is important to note that the client cannot have a justified expectation that financial information required to be revealed in the bankruptcy petition, schedules, statements, and testimony at the section 341 meeting will remain private. To obtain the considerable protections and benefits which are available to a debtor in a bankruptcy case, most dramatically being relieved forever of legal liability for dischargeable debt for which the debtor is responsible under non-bankruptcy law, the Bankruptcy Code requires that he (or she) make a full disclosure of his (or her) financial circumstances and property transfers. *See In re Tarkington*, 2010 Bankr. LEXIS 1208 at * 7 (Bankr. E.D.N.C. April 2, 2010); *In re McDowell*, 483 B.R. 471, 485-86 (Bankr. S.D. Tex. 2012). For any portion of the engagement agreement which is redacted, Mr. Delafield shall provide a general description of the nature of the contents redacted and the basis under this Decision for such redaction, which shall be certified by the Respondent in his capacity as an officer of the court.

The United States Trustee also seeks an award of attorneys' fees against Mr. Delafield. The former is employed by and is a representative of the United States government and one of her duties is to assess the reasonableness of fees charged to bankruptcy debtors by their attorneys and required to be disclosed to the Court by both statutory provision and Bankruptcy Rule 2016. Her status is different from that of a private litigant who encounters obstructive conduct from opposing counsel in the process of litigation discovery and suffers out-

---

[3] Recently Judge Connelly of this Court, in another case in which Mr. Delafield is counsel for the debtor, vacated a prior order permitting a fee agreement to be filed under seal, and in doing so stated, "As a fee agreement is a communication from the attorney to the client, the attorney-client privilege will attach to the agreement if it reveals confidential client communications." *In re Townsend*, No. 11-71310, order at p. 2 (Bankr. W.D. Va. Jan. 15, 2013).

of-pocket expenses as a result. The Court has granted the Motion, subject to a limitation intended to protect any client confidences which may be contained in the engagement agreement. Mr. Delafield did not comply fully with the discovery procedures set forth in Bankruptcy Rule 7034 as the employment contract was clearly within the permissible scope of discovery with respect to the issues raised by the Motion for Review and he should have produced that document with such redactions as might be necessary to protect any client confidences which it might contain, particularly in light of Judge Connelly's order in the *Townsend* case. At this stage of this matter, the Court will deny the request for an award of attorney's fees against Mr. Delafield with leave to the United States Trustee to renew such request at the time of the final hearing on the Motion for Review.

An order in accordance with this ruling will be entered contemporaneously with the docketing of this Memorandum Decision.

This the 7th day of March, 2013.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE